UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLENE GREEN, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    CAUSE NO. 1:15-cv-00170-SLC ) |
| COMMISSIONER OF SOCIAL SECURITY, *sued as Nancy A. Berryhill, Acting Commissioner of SSA*,[1] | ) ) ) ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Charlene Green brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (DE 1). On April 4, 2016, pursuant to Defendant's Agreed Motion for Reversal With Remand for Further Administrative Proceedings (DE 23), this Court entered an Order reversing the Commissioner's denial of benefits and remanding the case for further proceedings (DE 24).

Green's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $8,333.50 for his representation of Green in federal court. (DE 33). The Commissioner does not oppose Green's fee request. (DE 36). For the following reasons, Shull's motion for attorney fees will be GRANTED.

*A. Factual and Procedural Background*

On July 2, 2015, Shull entered into a contingent fee agreement with Green for his representation of her in federal court, in which Green agreed to pay him 25 percent of any past-

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, *see Casey v. Berryhill*, 853 F.3d 322 (7th Cir. 2017), and thus, she is automatically substituted for Carolyn W. Colvin in this case, *see* Fed. R. Civ. P. 25(d).

due benefits awarded to her.[2]  (DE 34-4).

On July 2, 2015, Green filed the instant action with this Court, appealing the Commissioner's denial of her application for disability benefits.  (DE 1).  On April 4, 2016, Green received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings.  (DE 24; DE 25).

On April 22, 2016, Green filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 32 hours of work Shull spent advocating her claim in federal court.  (DE 26-DE 29).  The Court granted Green's motion and awarded her an EAJA fee award of $6,144.  (DE 31).  The entire amount, however, was paid to the Government to offset an outstanding debt that Green owed to the Government.  (DE 34-1).

On October 30, 2017, the Commissioner sent a notice of award to Green, informing her that she was entitled to monthly disability benefits beginning November 2011 and past-due benefits in the amount of $57,334, of which $14,333.50 was withheld toward payment of attorney fees.  (DE 34-2).  Shull requested and received $6,000 (less a service fee) from the amount withheld by the Commissioner, in payment for Shull's representation of Green at the agency level.  (DE 34 at 2; DE 34-3).

On March 10, 2018, the Commissioner sent Shull a letter informing him that she was still withholding $8,333.50 (the balance of the $14,333.40 originally withheld) in anticipation of his request for attorney fees, and inquiring whether he had petitioned the Court for a fee for his services before the Court.  (DE 34-3).

On April 4, 2018, Shull filed the instant motion, together with supporting documentation,

---

[2] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

seeking the Court's approval of a payment of $8,333.50 for attorney fees before this Court. (DE 33-DE 35). On April 17, 2018, the Commissioner filed a response indicating that she does not object to Shull's request. (DE 36).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 794. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. 42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. Furthermore, § 406(b) has been harmonized with the EAJA; although fee awards may be made under both the EAJA and § 406(b), a

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), courts are required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id.* at 807-08 (citations and footnotes omitted). "A petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

### *C. Analysis*

The Court is charged with determining whether Shull's requested fee of $8,333.50 under the contingent fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [Green's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). In that regard, Green was awarded $57,334 in past-due benefits. Thus, the fee amount that Shull requests, $8,333.50, does not exceed 25 percent of Green's past-due benefits.

Shull contends that his requested fee award of $8,333.50 is reasonable for the 32 hours that he spent representing Green in federal court. He emphasizes that the requested fee reflects the contingent nature of the recovery. *See Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security

4

disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements.").

Furthermore, Shull obtained a good result for Green and provided her with experienced representation. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). This Court acknowledges Shull's numerous years of experience and significant knowledge in the area of Social Security disability law. (DE 35 (describing Shull's professional experience in the area of Social Security law)).

Moreover, Shull's requested fee of $8,333.50 divided by the 32 hours he spent on the case in federal court equates to an effective rate of approximately $260 per hour.[5] This rate is well below many of the effective rates previously awarded in the Fort Wayne Division. *See, e.g.*, *Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572, at *4-5 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour); *Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658, at *3-4 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour). Accordingly, Shull's requested fee award of $8,333.50 will be authorized by this Court.[6]

---

[5] Although the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, No. 09-30452, 2010 WL 3783666, at *7 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

[6] Because Shull did not receive any portion of Green's EAJA fee award (DE 34 at 2; DE 34-1), there is no need to offset an EAJA award from the § 406(b) award. *See Reeves v. Astrue*, 526 F.3d 732, 737 (11th Cir. 2008) (acknowledging that "[t]he uncodified clause of the EAJA requires an attorney that '*receives fees for the same work* under both' the EAJA and the Social Security Act to refund the smaller amount to the claimant," but emphasizing that "the clause, by its own terms, only comes into play after the attorney actually *receives* double fees for the same

## *D. Conclusion*

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (DE 33) is GRANTED in the amount of $8,333.50.

SO ORDERED.

Entered this 8th day of May 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

work" (citations omitted)); *see also Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009).